# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>RAMON FLORES-BELTRAN,<br><br>                         Defendant. | Case Nos.: 15CR1732-JLS<br>               16CV1701-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE and DENYING CERTIFICATE OF APPEALABILITY** |

    Presently before the Court is Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 42). The Court has considered Defendant's motion and the record in this case and, for the reasons set forth below, will deny Defendant's motion.

## Background

    Defendant Ramon Flores-Beltran pled guilty to the offense of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and, on February 19, 2016, was sentenced to a term of 87 months' imprisonment. Defendant's Presentence Report listed a prior conviction for assault with a deadly weapon, but, due to the age of the conviction, the conviction did not score any criminal history points. ECF No. 27 at 9.

1

## Analysis

In the instant motion under 28 U.S.C. § 2255, Defendant contends that the Court improperly enhanced his sentence because his prior conviction for assault with a deadly weapon does not constitute a crime of violence under *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015). However, Defendant's assault with a deadly weapon conviction was not used in any manner to enhance his sentence – it did not even score in the criminal history calculation. The Court applied the following guideline calculations at sentencing: a base offense level of 34 pursuant to USSG § 2D1.1(a)(5)(A) and (B)(iii); a 2-level reduction for minor role, a 2-level enhancement for reckless endangerment during flight, a 3-level reduction for acceptance of responsibility, and a 4-level reduction for fast track. This resulted in a total offense level of 27, which, at a criminal history category of III, resulted in a guideline sentencing range of 87-108 months. Defendant was sentenced to the low end of this range.

The prior assault conviction played no part in Defendant's sentence, but even if it had, Defendant's claim would be foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). In *Beckles*, the court held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause and that *Johnson* is not applicable to the advisory Guidelines.

## Conclusion

The Court finds that Defendant's motion and the files and records of this case conclusively show that Defendant is entitled to no relief. Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED. Additionally, the Court DENIES Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right. See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue

///
///
///

2

15CR1732-JLS
16CV1701-JLS

"only if the applicant has made a substantial showing of a denial of a constitutional right"). The Clerk's Office shall enter judgment accordingly.

IT IS SO ORDERED.

Dated: September 17, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge